### SINISCHALCHI v. BASLICO.

(Supreme Court, Appellate Term. March 21, 1905.)

1. BAILMENTS—BAILEE FOR HIRE—CARE REQUIRED.

Where defendant rented an organ of plaintiff, he was a bailee for hire, and bound to exercise reasonable care to guard against injury thereto.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bailment, §§ 45, 46.]

**2. SAME—DAMAGE FROM ELEMENTS.**

Where a lease of an organ provided that the lessee should not be liable for damage from the elements, such clause did not excuse the lessee from the exercise of ordinary care, nor cover extraordinary and unusual damage from wind or rain, which could have been avoided by the exercise of such care.

**3. SAME—ACT OF GOD.**

Where, in an action against the lessee of an organ for damages thereto by a severe, though not unprecedented, storm, it appeared that he left the same uncovered and open at the top during the storm, which caused the injury complained of, he was not entitled to defend on the ground that the injury resulted from an act of God.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Guiseppe Sinischalchi against Amiello Baslico. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Kenneson, Emley & Rubino, for appellant.

Jacob E. Salomon, for respondent.

SCOTT, J.   The defendant was a bailee for hire, and as such was bound to exercise a reasonable degree of care to guard against injury to the property. The fact that the lease contemplated that the lessee was not to be held liable by reason of damage from the elements did not excuse defendant from the exercise of due care, and did not cover extraordinary and unusual damage from wind and rain, which would have been avoided if the defendant had not been negligent. The damage by the elements contemplated by the lease was such damage as might naturally be looked for under the circumstances of the nature and use of the article leased, and which might result notwithstanding the exercise by defendant of proper and reasonable care. The condition in which the organ was found showed damage far beyond what may be deemed to have been contemplated by the lease, and cast upon defendant the burden of showing that he had in point of fact used the requisite care. This burden he did not sustain. Indeed, the uncontradicted testimony is to the effect that on a very rainy night he left the organ not only uncovered, but actually open on the top, thus inviting the very injury which followed. He cannot shield himself from the consequences of his negligence by claiming, because the storm was a severe one, that the injury resulted from an act of God, and therefore that he was excused. The storm was undoubtedly of considerable, although not unprecedented, severity; yet there is nothing to indicate that the severity of the storm was the sole cause of the damage, or that it would have produced so much damage if defendant had fulfilled his duty with regard to caring for the property. We cannot avoid the conclusion that the court below may have underestimated the extent of the responsibility cast upon the defendant, and consider that justice will be best served if the case be retried.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.