ORDEMANN v. MANSON.

(Supreme Court, Appellate Term. February, 1911.)

1. LANDLORD AND TENANT (§ 166*)—LIABILITY OF LANDLORD—INJURY TO PROPERTY.

A landlord is not liable for injuries to clothing in a trunk stored in the basement of the premises by becoming mildewed after the basement had been flooded, by failure to remove the clothing from the trunk to dry same in an appropriate place, where neither she nor her agents knew, or were chargeable with knowledge, that the trunk contained anything.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–660; Dec. Dig. § 166.*]

2. LANDLORD AND TENANT (§ 166*)—LIABILITIES OF LANDLORD—INJURY TO PROPERTY—PROVISIONS OF LEASE.

Under a provision in a lease that the storerooms in the basement of the premises are furnished gratuitously, and that tenants using them for any purpose do so at their risk, and that the landlord shall not be liable for any loss or injury whatsoever, the landlord is not liable for injuries to clothing in a trunk stored in the basement by becoming mildewed after the flooding of the basement.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–660; Dec. Dig. § 166.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Freiderika Ordemann against Charles A. Manson. From a judgment for plaintiff, involving an allowance of a counterclaim, she appeals. Reversed, and new trial ordered.

Argued before SEABURY, PAGE, and BIJUR, JJ.

James I. Moore, for appellant.

Avery & Schlesinger, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J.　The only point at issue between the parties is the liability of the plaintiff, as landlord, for damage to the contents of a trunk stored in the basement of the premises by the defendant, the tenant. The damage resulted after the basement had been flooded, in that articles of clothing in the trunk thereafter became mildewed.

The learned court below was of the opinion that the landlord was guilty of gross negligence, and that, therefore, even though a gratuitous bailee, she was liable for the damage.　Even assuming, however, that the familiar rule laid down in First National Bank v. Ocean National Bank, 60 N. Y. 278, 19 Am. Rep. 181, be applicable, the landlord would be held only to such care as the circumstances of the bailment would require.　The alleged negligence consisted, not in an omission to guard the property in the ordinary sense of that word, but in failure to remove from the trunk articles of apparel to dry them in some appropriate place.　But there is no evidence that the landlord or her agents knew, or were chargeable with knowledge, that the trunks contained anything.　Indeed, the language of the lease and the circumstances rather negative any inference to that effect.　Moreover, it is exceedingly doubtful whether the exercise of reasonable care, under the circumstances, should be held to lead the landlord to open receptacles containing a tenant's property and to exercise an independent judgment as to the disposition of such contents.　The tenant had gone to the country for the summer, and, if there was any negligence, it was his in not notifying the landlord or her agent of the need of caring for the articles thus left behind.

But we are not confined to that point for a determination of this case, because the lease expressly provides that the storerooms in the basement are furnished gratuitously for the accommodation of the tenants, "and that tenants using the same for any purpose do so at their risk, and upon the express stipulation and agreement that the landlord shall not be liable for any loss, damage, or injury *whatsoever*."　The comprehensive and positive character of this provision plainly differentiates this case from the one cited by respondent.　Sinischalchi v. Baslico, 92 N. Y. Supp. 722.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.　All concur.